Homer H. BRELAND and The State of Mississippi for the use and benefit of Homer H. Breland, Appellants,

v.

J. K. McLENDON et al., Appellees.

No. 20815.

United States Court of Appeals
Fifth Circuit.
March 19, 1964.

Dan E. Breland, Jackson, Miss., Homer H. Breland, Nyack, N. Y., of counsel, for appellants.

Harry O. Hoffman, Jr., Hazlehurst, Miss., William Saunders Henley, Jackson, Miss., J. L. Lotterhos, Jr., Hazlehurst, Miss., Henley, Jones & Henley, Jackson, Miss., Armstrong & Hoffman, Hazlehurst, Miss., of counsel, for appellees.

Before BROWN, MOORE * and GEWIN, Circuit Judges.

PER CURIAM.

Plaintiff (appellant) brought this action against police officers of the town of Wesson, Mississippi, the Sheriff of Copiak County and the Sheriff's surety. Jurisdiction is based upon diversity of citizenship. The theory of the action is false arrest and illegal imprisonment. The arrest occurred late on the night of October 18, 1960, because plaintiff was admittedly driving his car while under the influence of intoxicating liquor. Instead of returning to his place of residence as suggested by the arresting officer, plaintiff persisted in his determination to seek additional whiskey at a liquor store. He was placed in the county jail. Before he could be taken before any magistrate in the morning he posted bail, left the jail and was unavailable for further proceedings.

Claiming that his arrest was motivated by the unlawful purpose of putting him in jail and collecting a hundred dollars and was made with no intention of bringing him before a magistrate, plaintiff moved for summary judgment. This motion was denied. He then elected not to prosecute further. The court thereupon dismissed the action for want of prosecution. Upon this appeal only the propriety of the summary judgment decision is in issue.

Because plaintiff premises his case upon unlawful purpose and intent, there are issues of fact which must be resolved before these conclusions can be properly determined. The denial of the summary judgment motion did not preclude plaintiff from a trial of these issues. Surely plaintiff was not entitled upon the facts presented by affidavits to have the trial court assume that defendants were possessed of illegal intent and purpose when they sought to restrain an intoxicated driver for continuing on a course possibly far more detrimental to him and the community than a few hours in jail. These issues could only have been resolved upon a trial which plaintiff voluntarily elected to forego.

Judgment affirmed.

* Of the Second Circuit, sitting by designation.